UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 24-7-DLB**

**DAVID L. PIERCE**                                                          **PETITIONER**

**v.**             **MEMORANDUM OPINION AND ORDER**

**DAVID LEMASTER, Warden**                                **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

David Pierce is an inmate confined at the federal prison in Ashland, Kentucky. Pierce has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

Pierce indicates that since 2019 he has been "in transit" for a total of 137 days. This period includes days while he was being transported from one federal prison to another, and/or while he was briefly housed at another federal facility. (Doc. # 1 at 5). The BOP has refused to consider these days when calculating how many sentencing credits Pierce has earned under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). *See* (Doc. # 1-2 at 6-8). The BOP reasons that FSA

---

[1] Pierce asserted this claim in a prior petition four months ago, but it was dismissed without prejudice because he had not exhausted his administrative remedies prior to filing it and because he did not pay the required filing fee. *See Pierce v. LeMaster*, No. 0:23-CV-86-DLB (E.D. Ky. 2023) (Doc. # 4 therein). One week ago, the Court received a payment of five dollars on Pierce's behalf. Because Pierce did not have an open case before the Court at that time, it was applied towards the filing fee owed for that earlier petition. *See* (Doc. # 6 therein). Because it is apparent that the fee was intended to satisfy the filing fee owed for filing this new case, the Court will deem payment of the required fee satisfied.

1

credits are not available to Pierce for these periods because while he was in transit, Pierce did not engage in the evidence-based recidivism reduction ("EBBR") training or productive activities ("PA") required by 18 U.S.C. § 3632(d)(4) to earn FSA credits. *See* (Doc. # 1-2 at 11, 13, 16). Pierce implicitly acknowledges that this is true but complains that it is through no fault of his own that he was unable to complete EBBR programming because of his in-transit status. *See* (Doc. # 1-1 at 5).[2]

The FSA allows eligible inmates to earn credit towards pre-release custody or early transfer to supervised release, but only if they participate in and successfully complete PAs or EBBR training. *See* 18 U.S.C. § 3632(d)(4)(A)(i), (C); 28 C.F.R. § 523.40(b). And generally speaking "successful participation" requires, at a minimum, actual participation. 28 C.F.R. § 523.41(c)(2). There are regulatory exceptions, such as where the BOP temporarily suspends prison operations or itself interrupts the EBBR programming. In such cases, the inmate is still considered to be successfully participating. *See* 28 C.F.R. § 523.41(c)(3). Conversely, by regulation the BOP has established a non-exclusive list of circumstances where an inmate is generally ***not*** considered to be successfully participating. *See* 28 C.F.R. § 523.41(c)(4). Pertinent here, these include "[d]esignation status outside the institution (e.g., for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.)." *See* 28 C.F.R. § 523.41(c)(4)(ii).

---

[2] Pierce relies upon a district court case from another jurisdiction in support of his argument. *See* (Doc. # 1-1 at 3-4) (*citing Yufenyuy v. Warden, FCI-Berlin*, 659 F. Supp. 2d 213 (D.N.H. 2023)). But in *Yufenyuy*, the BOP had disallowed FSA credits because it concluded that the prisoner had not even started his federal sentence. There is no question in this case that Pierce's federal sentence had commenced, and the BOP did not reference or rely upon the regulation at issue in *Yufenyuy* when denying his request. *Yufenyuy* is not relevant, directly or by analogy, to Pierce's claim.

2

Relying upon subsection (c)(4)(ii), the BOP denied 137 days of eligibility status for FSA credits to Pierce, and properly so. By its terms, Section 3632(d)(4)(A) requires a prisoner to successfully complete EBBR programming or PAs to earn FSA credit. There are limited exceptions, but by regulation certain locational transfers remove the prisoner from earning status, often in situations where the EBBR programming or PAs are simply unavailable. 28 C.F.R. § 523.41(c)(4)(i)-(iv). Courts have consistently upheld the BOP's decision to deny FSA credits to inmates who were unable to complete the required PAs or EBBR training because they were in transit during the pertinent periods. *See White v. Warden, Fed. Corr. Inst. - Cumberland*, No. 22-CV-2371-DKC, 2023 WL 4867562, at *8-9 (D. Md. July 31, 2023) (holding under *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984) that 28 C.F.R. § 523.41(c)(4)(ii) is a valid regulation disallowing FSA credits for federal inmates in transit status); *see also Smith v. Eischen*, No. 22-CV-1704 (NEB/DJF), 2023 WL 4203165, at *1 (D. Minn. June 27, 2023) ("Eligible inmates are not 'successfully participating' in programming when they are in transit to 'the custody of another Federal or non-Federal government agency.'"); *Yanagihara v. Derr*, No. 22-CV-145-JAO-RT, 2023 WL 2163685, at *5 (D. Haw. Feb. 22, 2023); *Caudillo v. Carter*, No. 22-CV-01265-CNS, 2022 WL 17454446, at *4 (D. Colo. Dec. 6, 2022); *Mohammed v. Warden Stover, FCI Danbury*, No. 3:23-CV-757 (SVN), 2023 WL 7300592, at *3 (D. Conn. Nov. 6, 2023); *Alvarez v. Cox*, No. 2:23-CV-00018, 2023 WL 9110918, at *4 (S.D. Tex. Nov. 3, 2023), *report and recommendation adopted*, 2024 WL 69079 (S.D. Tex. Jan. 5, 2024); *Cabebe v. Derr*, No. 22-CV-496 SOM-KJM, 2023 WL 2713652, at *2 (D. Haw. Mar. 30, 2023). The Court concurs with the reasoning in these cases and concludes that the

3

BOP acted properly and in full conformity with Section 3632(d)(4) when denying Pierce FSA eligibility for these periods when he was in transit.

Accordingly, the Court **ORDERS** as follows:

(1)   David Pierce's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

(2)   This matter is **STRICKEN** from the docket.

This 27th day of January, 2024.

Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\Pierce 0-24-07 Memorandum.docx